## THE WEST IRMO.

### FAIR OAKS S. S. CORPORATION v. UNITED STATES SHIPPING BOARD et al.

(Circuit Court of Appeals, Third Circuit.    July 5, 1923.)

No. 2976.

**I. Admiralty ⊚⇒99—Resale proper, where two competing bidders claim to have made the bid.**

Where the marshal, in conducting the sale of a vessel, thought only one bid had been made, and knocked the vessel down to that bidder, whereas another bidder had made a bid of the same amount and claimed the right to the vessel, it was proper for him to put the vessel up for resale again immediately, and to accept higher bids therefor, which conformed to the practice of the state and resulted in the sale of the vessel for more than the former bid.

**2. Admiralty ⊚⇒122—Bidder, unsuccessfully challenging recognized practice in making a judicial sale, was properly taxed with costs.**

Where a bidder, to whom a vessel was originally knocked down at the sale by the marshal, unsuccessfully attacked a resale by the marshal on his discovery that another had made the same bid, which resale was recognized practice in the state, it was not an abuse of discretion, to impose the costs on the petitioner unsuccessfully making the attack.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Libel in admiralty by the United States Shipping Board and others against the steamship West Irmo, with the Fair Oaks Steamship Corporation as claimant. From a decree confirming a sale of the vessel, the claimant appeals. Affirmed.

Wharton Poor, of New York City, Katzenbach & Hunt, of Trenton, N. J., Haight, Smith, Griffin & Deming, of New York City, and Edgar W. Hunt, of Trenton, N. J., for appellant.

O. A. Stumpe, Sp. Asst. Atty. Gen., of New York City, Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Rearick, Dorr, Travis & Marshall, and U. S. Grant, all of New York City, for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below a libel filed against the steamship West Irmo was so proceeded in that she was duly offered for sale by the marshal. The latter, believing that $45,000 was the highest price bid for her, and that the Fair Oaks Steamship Company was the only bidder, thereupon knocked the vessel down; but, on proceeding to receive the binding payment and make out the necessary papers to such bidder, he found there had been another bidder for the same amount, who believed, claimed, and in fact had bid the same sum. Thereupon he announced he would put the vessel up for sale again, which he did, with the result that she was sold for $127,000.

The Fair Oaks Company protested against the action of the marshal in again putting up the West Irmo for sale, abstained from bidding, and on return of the marshal prayed the court by petition to restrain

him from completing the second sale for $127,000, and that he be ordered to carry out the alleged sale made by him to the Fair Oaks Company for $45,000. After hearing proofs, the court refused the petition and prayer of the Fair Oaks Company, stating in its opinion:

"The authorities acted in good faith. In some way the two bidders were not recognized at final bidding. The marshal did not know two men were bidding the same figure. He assumed only one was. The facts are that two were, and he did the only proper thing by giving both again an opportunity to bid on that property." ·

On entry of a decree confirming the sale at $127,000 and imposing the costs of the proceeding and certain expenses in the way of delayed delivery of the vessel, caused by the filing of the petition, the Fair Oaks Company took this appeal.

[1] After due consideration had, we are of the opinion that the marshal in reselling, and the court in confirming, the sale finally made, not only committed no error, but did exactly what the circumstances required. In carrying out a court's order of sale, as said in Blossom v. Railroad Co., 70 U. S. 196, 18 L. Ed. 43:

"The marshal or master, as the case may be, is the officer of the court, and as such his acts and proceedings are subject to the revision and control of the court."

Two bids of the same amount had been made. What was the duty of the representative of the court to do? Clearly what he did. He was confronted by a situation from which trouble, litigation, delay, and expense might follow. If he stood by the sale he had mistakenly made, the other bidder could justly complain to the court and obtain an order of resale. This would have meant delay, expense, and uncertainty of final outcome in price.. To this situation could be applied what was said in Warehime v. Graf, 83 Md. 98, 34 Atl. 364, viz.:

· "Under all the circumstances, this was a prudent and reasonable course for them to pursue. The bid was claimed by two persons. Unless settled on the spot, the controversy might portend litigation and a long delay, to the great detriment of the estate."

It will also be seen that the marshal's· course was one well understood and judicially approved by the courts of the state in which is his district, for in Conover v. Walling, 15 N. J. Eq. 182, it is said:

"It is customary in New Jersey at public sales, where a bid· is claimed by two or more persons and there is really good ground for dispute as to the claim of the bid, to put the property up again at the price and at the bid of such one of the competitors as the auctioneer may declare in his judgment is entitled to it."

Moreover, it will be observed that such course is not only fair, but it is practical, in that it tests the market and gets present advantage of it. Had the marshal followed the course contended for by the petitioner, and reported the sale as one made to The Fair Oaks Company, and had the unrecognized other bidder complained to the court, it would no doubt have done as said in its opinion:

"I should have been compelled, as I see the situation, to say on that set of facts alone that there should be a reoffer."

The result would have been a resale, with its incident delay, expense, and uncertainty. The marshal fairly and judiciously put the property up again, and by doing so tested the market, with the result that there was obtained $127,000, which is $37,000 more than double the two contesting bids of $45,000 each.

[2] Nor, under the circumstances, do we see any abuse of discretion by the court below in imposing the costs upon the petitioner, nor to our also imposing the costs of this appeal. It was an unsuccessful attempt to challenge what, as we have seen, the courts of New Jersey say was the fair and recognized practice of that state in auction sales.

The decree below is therefore affirmed, and this appeal dismissed, at appellant's costs.